IN THE CIRCUIT COURT OF THE
THIRD JUDICIAL CIRCUIT IN AND FOR
COLUMBIA COUNTY, FLORIDA

WILLIAM EDWARD SANDERS,
an individual,

CASE NO.: 20-286-CA

GENERAL JURISDICTION

    Plaintiff,

vs.

SEAN PATRICK ONEAL, an individual, and
MICHELLE LAWS SEVIER, an individual.

    Defendant(s).
_____/

## COMPLAINT

Plaintiff, WILLIAM EDWARD SANDERS, hereby sues the Defendants, SEAN PATRICK ONEAL, and MICHELLE LAWS SEVIER, and alleges as follows:

### INTRODUCTION

1. This is an action for negligence.

2. SEAN PATRICK ONEAL (hereinafter "ONEAL") while operating a motor vehicle owned, maintained and/or controlled by MICHELLE LAWS SEVIER (hereinafter "SEVIER") caused a collision with WILLIAM SANDER'S vehicle. As a result of ONEAL's negligent operation of the motor vehicle, Plaintiff SANDERS suffered permanent injuries.

3. ONEAL is directly liable for Plaintiff SANDERS's damages.

4. SEVIER is directly and vicariously liable for Plaintiff SANDERS's damages.

### JURISDICTION AND VENUE

5. This Court has jurisdiction over this dispute because this complaint seeks damages in excess of $30,000.00 dollars, exclusive of interest and attorneys' fees and costs.

**The Law Office of Travis Koon, PLLC**
284 SW Baya Drive, Suite 101, Lake City, Florida 32025
Tel. 386.597.0000 www.koonlegal.com

6. ONEAL is amenable to the jurisdiction in Florida, as he was driving on the roads of Florida where the accident occurred.

7. SEVIER is amenable to jurisdiction in Florida as she placed on the roads of Florida a dangerous instrumentality, vis a vis: the motor vehicle that is subject to this action.

8. Venue is proper in COLUMBIA County, Florida because the motor vehicle accident from which this cause of action arises occurred in COLUMBIA County, Florida.

## PARTIES

9. WILLIAM SANDERS was and is, at all times material hereto, a resident of Lake City, Florida, was over the age of eighteen (18) years and is otherwise *sui juris*.

10. ONEAL was, at all times material hereto, a resident of North Carolina, and is otherwise *sui juris*.

11. SEVIER was, at all times material hereto, a resident of North Carolina, and is otherwise *sui juris*.

## GENERAL ALLEGATIONS

12. At all times material, ONEAL was the operator of a 2018 Honda CR-V bearing a North Carolina license plate FBZ5869, with VIN 7FARW1H81JE008945 ("the Subject Vehicle"). The subject vehicle was an instrumentality that is peculiarly dangerous in its operation.

13. At all times material, SEVIER owned, maintained and controlled the Subject Vehicle. The subject vehicle was an instrumentality that is peculiarly dangerous in its operation.

14. On 09/21/2019, and at all times material, ONEAL, and SEVIER owed a duty to exercise reasonable care in the ownership, operation, maintenance, control and/or use of the Subject Vehicle for the benefit of other individuals on the public roadways.

15. On 09/21/2019, Plaintiff was traveling eastbound with a green light, in Lake City, Columbia County, Florida.

16. Defendant ONEAL, was traveling west on Us Highway 90, and attempted to make a left at the green light to enter Florida Gateway Blvd.

17. With SEVIER's knowledge and consent, ONEAL, negligently operated the subject vehicle and caused an accident when ONEAL, failed to observe the Plaintiff traveling east, attempted to make a left turn onto Florida Gateway Blvd, traveled right into the path of Plaintiff and his vehicle, and collided with the front end of Plaintiff's vehicle.

18. Plaintiff's vehicle sustained substantial damage after impact.

19. As a result, Plaintiff SANDERS suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of earnings, loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## COUNT I- NEGLIGENCE
### (As to ONEAL)

20. Plaintiff realleges the allegations set forth above in paragraphs one (1) through nineteen (19) as if set forth herein in full.

21. On 09/21/2019 and at all times material, ONEAL, was in possession, custody and control of the Subject Vehicle.

22. At all material times, ONEAL owed a duty to exercise reasonable care in the ownership, operation and/or use of the Subject Vehicle for the benefit of other individuals on public roadways.

23. At all material times, ONEAL, breached his duty of care to other individuals on the above-described public roadways, and in particular to Plaintiff, as he was negligent and careless in the ownership, operation and/or maintenance and/or use of the Subject Vehicle.

24. ONEAL, was negligent in his:

   a. Failure to operate the subject vehicle in a safe and reasonable manner;

   b. Failure to operate the subject vehicle in compliance with state and local traffic laws;

   c. Failure to keep an adequate and proper lookout;

   d. Failure to stop for vehicles in the road;

   e. Failure to avoid the collision with Plaintiff's vehicle; and

   f. Other acts of negligence to be determined through discovery.

25. As a direct, foreseeable, and proximate result of ONEAL's negligence, Plaintiff, SANDERS suffered severe injuries and the injuries are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future.

26. As a further direct and proximate result of ONEAL's negligence, Plaintiff has incurred medical expenses for his care and treatment in an effort to alleviate and cure his injuries and will continue to incur additional expenses in the future.

27. ONEAL, damaged the vehicle Plaintiff was driving and caused Plaintiff, SANDERS, to sustain permanent injury.

**WHEREFORE**, WILLIAM SANDERS demands judgment for damages against ONEAL, in excess of the minimal jurisdictional limits of this Court, as well as post-judgment interest and the costs of bringing this action as allowed by law, and any other relief this Honorable Court deems just and proper.

## COUNT II- NEGLIGENCE
### (As to SEVIER)

28. Plaintiff realleges the allegations set forth above in paragraphs one (1) through nineteen (19) as if set forth herein in full.

29. On 09/21/2019, and at all times material, the Subject Vehicle was being used by ONEAL. The Subject Vehicle is a dangerous instrumentality.

30. At that time and place, Defendant, ONEAL, was operating a motor vehicle owned by Defendant, SEVIER, with permission and consent. Accordingly, Defendant, SEVIER, is vicariously liable for the negligence of Defendant, ONEAL, in the operation of said vehicle.

31. As the direct and proximate result of the negligence of Defendant, ONEAL, Plaintiff, SANDERS, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of earnings, loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

32. At all material times, SEVIER owed a duty to exercise reasonable care in the operation and/or use of the subject vehicle for the benefit of other individuals on public roadways.

33. At all material times, SEVIER breached her duty of care to other individuals on the above described public roadways, and in particular to Plaintiff, as she was negligent and careless in the operation and/or maintenance and/or use of the Subject Vehicle.

34. SEVIER was negligent, directly and/or through the conduct of ONEAL.

35. SEVIER directly and through the conduct of ONEAL, caused Plaintiff to sustain permanent injury.

**WHEREFORE**, WILLIAM SANDERS demands judgment for damages against SEVIER, in excess of the minimal jurisdictional limits of this Court, as well as post-judgment interest and the costs of bringing this action as allowed by law and any other relief this Honorable Court deems just and proper

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 2nd day of December 2020.

    Respectfully submitted by,

    The Law Office of Travis Koon, PLLC
    284 SW Baya Drive
    Suite 101
    Lake City, Florida 32025
    Tel: 386.597.000
    ***Email: efons@koonlegal.com***

    By:_/s/_**Eduardo D. Fons, Esq.**_____
    EDUARDO D. FONS, ESQUIRE
    Florida Bar No.: 86467
    TRAVIS D. KOON, ESQUIRE
    Florida Bar No.: 73860